JUDGE BUCHWALD

08 CV 3333

187-08/MEU/SL
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
KOREA LINE CORPORATION
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax



APR 03 2008
U.S.D.C. S.D. N.Y.
CASHIERS

Michael E. Unger (MU 0045)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KOREA LINE CORPORATION, <br><br> Plaintiff, <br><br> -against- <br><br> CHANG-HONG STEAMSHIP LIMITED, <br><br> Defendant. | 08 Civ _____ ( _____ ) <br><br><br> **VERIFIED COMPLAINT** |

Plaintiff, KOREA LINE CORPORATION (hereinafter "KOREA LINE") for its Verified

Complaint against Defendant CHANG-HONG STEAMSHIP LIMITED (hereinafter "CHSL")

alleges upon information and belief as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract

of charter party.  This case also falls under this Court's admiralty and maritime jurisdiction

pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C.

§1331 in that the action arises under the New York Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal

Arbitration Act, 9 U.S.C. §1 *et seq.*

2.    At all times material hereto, Plaintiff KOREA LINE was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Daeil Building, #43, Insa-Dong, Chongno-Gu, Seoul, Korea.

3.    At all times relevant hereto, Defendant CHSL was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Room 1209, Hi-Shanghai New City, No. 990 Dalian Road, Shanghai 200092, China.

4.    On or about November 23s, 2006, Defendant CHSL, as charterer, entered into a maritime contract of charter party with Plaintiff KOREAN LINE, as disponent owner[1], for use of the M/V MATHAWEE NAREE for one time charter trip for a period of 15-20 days without guarantee to carry a cargo of steel products.

5.    Under the charter, Defendant CHSL was obligated to pay charter hire at the rate of $21,000 per day for use of the vessel.

6.    Plaintiff KOREAN LINE duly delivered the M/V MATHAWEE NAREE into the service of Defendant CHSL, and duly performed its obligations under the charter.

7.    At the conclusion of the charter, Plaintiff KOREAN LINE issued a final hire statement to Defendant CHSL showing a balance of $37,681.52 in favor of KOREAN LINE under the charter.

8.    In further breach of the charter, and despite due demand, Defendant CHSL has failed and/or otherwise refused to pay certain amounts earned by Plaintiff KOREAN LINE and outstanding under the charter, and the entire amount of $37,681.52 remains unpaid and owing.

9.    The charter party provides for the application of English law and disputes between the parties to be resolved by arbitration in London, and KOREAN LINE specifically

---

[1] KOREA LINE is not the actual owner of the vessel but instead chartered the vessel from another entity.

reserves its right to arbitrate the substantive matters at issue. Arbitration has or will soon be commenced.

10.     This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff KOREAN LINE's claims made or to be made in the London arbitration under English law, as agreed by the parties.

11.     As a regular feature of English law and arbitration, attorneys fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

12.     Plaintiff KOREAN LINE estimates, as nearly as can presently be computed, that the legal fees and costs of prosecuting its claims in London arbitration will be $10,000. Interest anticipated to be awarded is estimated to be $3,106.17 (calculated at the rate of 8% per annum compounded quarterly for a period of one year, the estimated time for completion of the proceedings in London).

13.     In all, the claim for which Plaintiff KOREAN LINE sues in this action, as near as presently may be estimated, totals **$50,787.69**, no part of which has been paid by Defendant CHSL, despite due demand. Plaintiff KOREAN LINE specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure KOREAN LINE.

### Request for Rule B Relief

14.     Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire

transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant CHANG-HONG STEAMSHIP LIMITED (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in its name and/or being transferred for its benefit, at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

15.    The total amount sought to be attached pursuant to the above is **$50,787.69**.

WHEREFORE, Plaintiff KOREA LINE CORPORATION prays:

a.    That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b.    That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$50,787.69** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant CHANG-HONG STEAMSHIP LIMITED, including but not limited to ASSETS in its name and/or being transferred for its benefit, at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.    That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and

enforcement of any award entered against the Defendant in the London

proceedings; and

d.      For such other, further and different relief as this Court may deem just and proper

in the premises.

Dated: New York, New York
       April 3, 2008

                                FREEHILL HOGAN & MAHAR, LLP
                                Attorneys for Plaintiff
                                KOREA LINE CORPORATION

                                By: _____
                                    Michael E. Unger (MU 0045)
                                    80 Pine Street
                                    New York, NY 10005
                                    (212) 425-1900
                                    (212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York    )
                          ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1.      I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2.      The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client.

3.      The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
Michael E. Unger

Sworn to before me this
3rd day of April 2008

_____
Notary Public

MELISSA COLFORD
Commissioner of Deeds
City of New York-No. 5-1692
Certificate Filed in New York
Commission Expires 4/1/ 1⊙